

**ORDERED in the Southern District of Florida on September 27, 2019.**

**Mindy A. Mora, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No.: 17-19455-MAM (Lead Case) |
| CHARIOTS OF PALM BEACH, INC.,<br>    Debtor. | Jointly Administered with<br>Case No. 17-19458-MAM |
| ————————————————/ | |
| | Chapter 7 |
| NICOLE TESTA MEHDIPOUR, Trustee,<br>    Plaintiff. | Adv. Proc. No. 18-01360-MAM |
| v. | |
| ANCHOR COMMERCIAL BANK,<br>FLAGLER BANK, NEXTGEAR CAPITAL,<br>INC. LQD BUSINESS FINANCE, LLC, and<br>NORTH FLORIDA MANGO CREDIT, LLC,<br>    Defendants. | |
| ————————————————/ | |

### OMNIBUS ORDER (I) GRANTING MOTIONS TO DISMISS [ECF NOS. 15, 18, 19 AND 20] FILED BY DEFENDANTS FLAGLER BANK, ANCHOR COMMERCIAL BANK, NEXTGEAR CAPITAL, INC., AND NORTH FLORIDA MANGO CREDIT, LLC AND (II) CANCELLING PRETRIAL CONFERENCE

1

**THIS MATTER** came before the Court upon the *Motions to Dismiss Complaint* [ECF Nos. 15, 18, 19 and 20] (the "Motions") filed by each of Flagler Bank, Anchor Commercial Bank, NextGear Capital, Inc., and North Florida Mango Credit, LLC (collectively, "Defendants") with respect to the Complaint filed in this adversary proceeding as ECF No. 1 (the "Complaint") by Nicole Testa Mehdipour, the chapter 7 Trustee ("Plaintiff"). The Court entered orders setting a briefing schedule for each of the Motions [ECF Nos. 24, 25, 26 and 27]. Plaintiff timely filed a Response in Opposition to the Motions [ECF No. 54] (the "Response"). Defendants NextGear Capital, Inc., Flagler Bank and Anchor Commercial Bank each filed a Reply to the Response [ECF Nos. 59, 60 and 62] (the "Replies"). Defendant North Florida Mango Credit, LLC filed a Joinder to the Replies filed by NextGear Capital, Inc. and Flagler Bank [ECF No. 61] (the "Joinder").

### Factual Background

Plaintiff's Complaint seeks to surcharge a building, cash collateral, and vehicles (collectively, the "Collateral"), each of which was owned by the estate as of the petition date, for Plaintiff's attorneys' fees and costs incurred in performing services that allegedly preserved or enhanced the Collateral ("Services"). Plaintiff also requests that the applicable Defendants, each of whom asserted a security interest in specific categories of Collateral, pay the surcharged amounts. Plaintiff has alleged in each instance that:

(1) Plaintiff and her professionals "rendered actual, reasonable, and necessary

services to preserve, maintain, and enhance the value of" the specific Collateral securing the lien of one or more of Defendants;

(2) These Services "directly and actually benefitted" one or more of the Defendants asserting a lien on the Collateral; and

(3) Plaintiff is entitled to surcharge the applicable asset and the proceeds realized by any Defendant upon liquidation of any item of Collateral, for the actual, reasonable, and necessary costs and expenses of the Services provided by Plaintiff and her professionals.

Defendants' Motions assert that the Complaint must be dismissed for several reasons, including:

(1) The Court lacks subject matter jurisdiction to entertain a claim under 11 U.S.C. §506(c) because the Collateral upon which Plaintiff asserts a surcharge claim was not property of the estate when the Complaint was filed;

(2) Plaintiff failed to state a cause of action for which relief can be granted:

(a) by suing all Defendants in one action;

(b) by failing to specify how and to what extent each Defendant was specifically benefitted by the Services provided by Plaintiff and her professionals;

(c) by failing to demonstrate that the Services for which surcharge is sought were necessary and reasonable, and also extended a direct, concrete, and

3

quantifiable benefit to a particular Defendant; and

(d) by seeking to surcharge for administrative costs inherent in any bankruptcy case.

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must determine, based on "judicial experience and common sense," whether the well-plead facts in the complaint present a plausible claim for relief. *Ashcroft*, 556 U.S. at 679. In making this determination, the Court must accept as true all factual allegations in the complaint. *Id.* at 678. Motions to dismiss are not favored and are rarely granted. *See*, *e.g., Madison v. Purdy,* 410 F.2d 99, 100 (5th Cir. 1969); *Int'l Erectors, Inc. v. Wilhoit Steel Erectors & Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968).

Ordinarily, in ruling on a motion to dismiss the court may consider only the complaint and documents attached to the complaint. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). The Court may consider a document not attached to the complaint if: (1) the plaintiff refers to the document in the complaint; (2) the document is central to the plaintiff's claim; (3) the contents of the document are not in dispute; and (4) the document is attached to the defendant's motion to dismiss. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th

4

Cir. 2007).

The Court may also take judicial notice of pleadings or orders filed in the main bankruptcy case in which the adversary proceeding was filed. Fed. R. Evid. 201(c). "Courts may take judicial notice of public records including proceedings in its own docket as well as proceedings in other courts without the need to convert a motion to dismiss into a motion for summary judgment." *In re All Am. Semiconductor, Inc.*, 427 B.R. 559, 564-65 (Bankr. S.D. Fla. 2010) (citing *Universal Express, Inc. v. United States Sec. and Exch. Comm'n,* 177 Fed.Appx. 52, 53-54 (11th Cir. 2006)).

## Discussion

### 1. Jurisdiction of the Court

Defendants have argued that this Court does not have jurisdiction to determine the surcharge claims raised by Plaintiff because each Defendant obtained stay relief with respect to its respective Collateral concurrently with the appointment of Plaintiff as trustee. Essentially, Defendants argue that by obtaining stay relief, the bankruptcy estate no longer has an interest in the Collateral.

Indeed, a central requirement of a surcharge claim is that it must be asserted against property that secures an allowed secured claim held by a creditor in the case. Both the Fifth Circuit and Seventh Circuit Courts of Appeal have determined that when property is transferred out of a bankruptcy estate free and clear of liens, the bankruptcy court ceases to have jurisdiction over that property. *See In re Skuna River Lumber, LLC*, 564 F.3d 353, 355-57 (5th Cir. 2009); *In re Edwards*, 962 F.2d 641, 643

5

(7th Cir. 1992).

However, there is a meaningful difference between a secured creditor obtaining stay relief and a sale of property by a bankruptcy estate free and clear of liens. The significance of a stay relief order is that the secured creditor is no longer prohibited from exercising its rights and remedies under applicable state law. The entry of the stay relief order does not terminate the estate's interest in the secured creditor's collateral; it merely removes the legal impediment that prevents the secured creditor from taking steps under applicable non-bankruptcy law to foreclose its security interest in its collateral. Until that foreclosure occurs, the estate continues to have an interest in the property, and the property continues to secure the claim of the secured creditor.

Therefore, the Court may not equate entry of a stay relief order with sale of estate property free and clear of liens. While the Court agrees with the conclusion of the Fifth and Seventh Circuit Courts of Appeal that the jurisdiction of a bankruptcy court is limited to property that secures a claim,[1] the Court is unable to conclude that this statement of the law supports Defendants' jurisdictional argument at this juncture of the adversary proceeding. Given the constraint imposed upon the Court in evaluating a motion to dismiss to consider only the allegations set forth in the Complaint, documents attached to the Complaint, and the record in the bankruptcy

---

[1] *See In re Skuna River Lumber, LLC*, 564 F.3d at 355-57; *In re Edwards*, 962 F.2d at 643.

case, the Court simply does not have sufficient information at this juncture of the adversary proceeding to know whether as of the date of the surcharge claim the Collateral continued to be property that secured claims of various Defendants, or whether the estate's interest in the Collateral had already been foreclosed.

As a result, the Court concludes that, in connection with its consideration of the Motions, it does have jurisdiction to consider the surcharge claims asserted in the Complaint.

## 2. <u>Failure to State a Claim</u>

In order to state a claim for surcharge under 11 U.S.C. § 506(c),[2] a trustee must allege that the estate incurred expenses that were reasonable and necessary in order to preserve or dispose of the secured creditor's collateral. However, surcharge claims under § 506(c) are strictly limited to only those costs and expenses that conferred a measurable benefit on the secured creditor with respect to its collateral, or as to which the secured creditor consented.

In pursuing a surcharge claim, the trustee must make more than generalized statements about hypothetical benefits resulting from the services provided by the trustee. *See In re Flagstaff Foodservice Corp.*, 762 F.2d 10, 12 (2d Cir. 1985); *In re Flagstaff Foodservice Corp.*, 739 F.2d 73, 76 (2d Cir. 1984). The trustee must

---

[2] Section 506(c) of the Bankruptcy Code provides that "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property."

articulate with specificity how the services rendered improved the position of the secured creditor or enhanced the value of its collateral and identify the specific amount of benefit realized by the secured creditor.

The Court's review of the Complaint indicates that Plaintiff's allegations fall short of the requisite statements required in a complaint seeking to surcharge creditors. Plaintiff has provided her counsel's time sheets and made generalized statements that the Services described in those timesheets purportedly benefited Defendants, which Defendants hotly dispute. What Plaintiff has failed to do is (i) articulate specifically which Services benefited each particular Defendant, (ii) clarify how those Services benefited that Defendant, and (iii) quantify the benefit conferred on that Defendant. By merely attaching a listing of the time entries of Plaintiff's professionals and making the generalized statement that a group of Defendants were benefited by those Services, Plaintiff has failed to provide the specificity that a complaint seeking to surcharge collateral must contain under the pleading requirements articulated by the Supreme Court in *Ashcroft*.

As a result, the Court concludes that Plaintiff has failed to adequately state a cause of action sounding in surcharge.

## Order

Accordingly, the Court, having considered the Motions, having reviewed the Response, the Replies and the Joinder, and being otherwise fully informed in the premises, hereby **ORDERS AND ADJUDGES** that:

1. The Motions are GRANTED. This Adversary Proceeding is DISMISSED.

2. The Pretrial Conference scheduled for December 10, 2019 at 10:00 AM at Flagler Waterview Building, 1515 N Flagler Dr. Room 801 Courtroom A, West Palm Beach, FL 33401 is CANCELLED.

3. Plaintiff has leave to file an amended complaint ("Amended Complaint") that addresses the procedural deficiencies noted above, within twenty-one (21) days of the date of entry of this order.

4. If Plaintiff files the Amended Complaint, the Clerk of Court is DIRECTED to enter (i) an Amended Summons and Notice of Pretrial/Trial in an Adversary Proceeding and (ii) Order Setting Filing and Disclosure Requirements for Pretrial and Trial.

###

Copies furnished to:

All interested parties by the Clerk of Court.